O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PLAISTED, an individual, on behalf of herself, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>   v.<br>THE DRESS BARN, INC.; and DOES 1–100, inclusive,<br><br>        Defendants. | Case No. 2:12-cv-01679-ODW (SHx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

    Presently before the Court is Defendant The Dress Barn, Inc.'s Motion to Dismiss Plaintiff Alexis Plaisted's ("Plaintiff") ninth claim for conversion. (Dkt. No. 13.) Because Plaintiff has not filed any opposition, and for the reasons discussed in Defendant's papers, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's ninth claim **WITH PREJUDICE**.

    Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

/ / /

The hearing on Defendant's motion was set for April 16, 2012. Plaintiff's opposition was therefore due by March 26, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request for a continuance.[1] Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed in Defendant's papers, hereby **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's ninth claim for conversion **WITH PREJUDICE**. In particular, the Court notes that the California Labor Code provides the exclusive remedies for recovering unpaid wages. *E.g.*, *Jacobs v. Genesco, Inc.*, No. CIV. S-08-1666 FCD DAD, 2008 WL 7836412, at *2–3 (E.D. Cal. Sept. 3, 2008) (slip copy) (collecting cases). Moreover, Plaintiff cannot maintain a cause of action for conversion based on a generalized claim for withheld wages. *See Farmer's Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 451 (1997) ("Neither legal title nor absolute ownership of the property is necessary [to establish a claim for conversion]. . . . However, a mere contractual right of payment, without more, will not suffice.")

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] In fact, Defendant's counsel, Robert L. Zaletel, points out that Plaintiff's counsel actually agreed to dismiss Plaintiff's conversion claim on February 28, 2012. (Zaletel Decl. ¶ 4.) However, although Zaletel forwarded Plaintiff's counsel a proposed joint stipulation the following day, Plaintiff's counsel has since failed to sign the stipulation or otherwise return Zaletel's messages or emails. (*Id.* ¶¶ 5–6.)

The April 16, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

**IT IS SO ORDERED.**

April 4, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**