O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PLAISTED, an individual, on behalf of herself, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br>THE DRESS BARN, INC.; and DOES 1–100, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-01679-ODW (SHx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [24]** |

Following the Court's indication in its July 10, 2012 Scheduling and Case Management Order[1] that Plaintiff Alexis Plaisted's deadline to file a motion for class certification in accordance with Local Rule 23-3 had expired, Defendant The Dress Barn moved for judgment on the pleadings on Plaisted's tenth cause of action for civil penalties under the California Private Attorneys General Act ("PAGA").[2] Dress Barn argues that Plaintiff's PAGA claim can only be brought as a class action under Federal Rule of Civil Procedure 23, in part because Plaisted lacks Article III standing to assert the rights of third parties absent class certification. Thus, Dress Barn argues, because Plaisted failed to seek class certification within Local Rule 23-3's 90-day deadline,

---

[1] ECF No. 22.
[2] ECF No. 24.

Plaisted cannot certify her putative class action, which causes her tenth claim under PAGA to fail as a matter of law. The Court disagrees that Plaisted's failure to timely seek class certification necessarily causes her PAGA claim to fail and **DENIES** Dress Barn's motion.

In *Arias v. Superior Court*, the California Supreme Court squarely held that PAGA, Cal. Lab. Code §§ 2698–2699.5, does not require plaintiffs to meet *state* class-certification requirements under California Code of Civil Procedure section 382. 46 Cal. 4th 969, 975 (2009). Notwithstanding this holding, a minority of federal courts have held that Rule 23 class certification is required for maintenance of a PAGA claim in *federal* court because PAGA is a procedural statute that allows for recovery to unnamed non-parties, and an individual plaintiff lacks standing to recover on behalf of these third parties absent class certification. *E.g.*, *Adams v. Luxottica U.S. Holdings Corp.*, No. SA CV 07-1465 AHS (MLGx), 2009 WL 7401970 (C.D. Cal. July 24, 2009) ("Having failed to comply with the certification requirements of Rule 23, plaintiffs lack standing to represent the rights and interests of third parties. Although PAGA authorizes representative actions, California state law cannot alter federal procedural and jurisdictional requirements.").[3]

/ / /

---

[3]*See also Fields v. QSP, Inc.*, No CV 12-1238 CAS (PJWx), 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012) ("Because PAGA is simply a procedural statute, and because Rule 23 *automatically* applies in all civil actions in federal court, plaintiff must meet the requirements of Rule 23 to proceed with her PAGA claim." (internal quotation marks and citations omitted)); *Williams v. Lockheed Martin Corp.*, No. 09cv1669 WQH (MDD), 2011 WL 4634269, at *2 (S.D. Cal. Oct. 5, 2011) (denying discovery requests under PAGA because the plaintiff had not complied with Rule 23); *Ivey v. Apogen Techs., Inc.*, No. 11CV366 DMS NLS, 2011 WL 3515936, at *3 (S.D. Cal. Aug. 20, 2011) (concluding that PAGA "contravenes federal procedural requirements" and thus a PAGA litigant in federal court must comply with Rule 23); *Thompson v. APM Terminals Pac. Ltd.*, No. C 10-00677 JSW, 2010 WL 6309364, at *2 (N.D. Cal. Aug. 26, 2010) (citing *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, — U.S. —, 130 S. Ct. 1431 (2010), and concluding that "[t]o the extent Plaintiff here seeks to bring a representative PAGA action on behalf of other non-party, unnamed aggrieved employees in federal court, such a claim must meet the requirements of Rule 23").

Conversely, some federal district courts in California have simply adopted *Arias* absent further discussion. *Kilby v. CVS Pharmacy, Inc.*, No. 09cv2051-MMA (KSC), 2012 WL 1132854, at *6 (S.D. Cal. Apr. 4, 2012); *Echavez v. Abercrombie & Fitch Co.*, No. CV 11-9754 GAF (PJWx), ECF No. 32 (C.D. Cal. Mar. 12, 2012); *Gonzalez v. Millard Mall Servs., Inc.*, 281 F.R.D. 455, 469 (S.D. Cal. Mar. 2, 2012). Further, one court determined that PAGA claims were not required to meet Rule 23 standards even before *Arias*. *Hibbs-Rines v. Seagate Techs., LLC*, C 08-5430 SI, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009).

But the majority of federal courts facing these claims have relied heavily on PAGA's purpose as a law-enforcement mechanism (as compared to an action designed to confer a private benefit on the named plaintiff and the represented employees) and held that PAGA actions, though representative, need not be brought as class actions in which Rule 23's requirements are necessarily applicable. *E.g.*, *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *12–13 (E.D. Cal. June 2, 2011) (surveying relevant case law and concluding that "while the Ninth Circuit has not addressed these issues, the majority view among the district courts following *Arias* creates the following framework: (1) PAGA actions must be filed as representative actions on behalf of current or former aggrieved employees; (2) while PAGA actions may be brought as class actions, Rule 23 certification is not necessary to the extent PAGA actions are brought in a non-class representative capacity; and (3) prudential standing concerns as to non-class representative PAGA suits are either satisfied . . . or inapplicable . . . .").[4]

---

[4] *See also Willner v. Manpower Inc.*, No. C 11-02846, at *7–8 (N.D. Cal. May 3, 2012) (holding that PAGA actions may be pursued in federal court absent class certification under Rule 23 because "PAGA claims are fundamentally different from class actions"); *Moua v. Int'l Bus. Machines Corp.*, No. 5:10-cv-01070 EJD, 2012 WL 370570, at *3 (N.D. Cal. Jan 31, 2012) ("PAGA transcends the definition of what is simply procedural. The statute's plain purpose is to protect the public interest through a unique private enforcement process, not to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and efficiency."); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1234 (C.D. Cal. 2011) ("[T]he majority view—consistent with the California Supreme Court in *Arias*—is that PAGA claims are not class actions,

This Court adheres to the majority position allowing representative PAGA claims to proceed without class certification under Rule 23. The Court agrees that representative PAGA actions fundamentally differ from class actions insofar as PAGA's "plain purpose is to protect the public interest through a unique private enforcement process, not to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and efficiency." *Moua*, 2012 WL 370570, at *3. In this sense, representative PAGA actions are "[g]enerally analogous to shareholder derivative suits," as "aggrieved employees are deputized [under PAGA] to step into the shoes of the LWDA and pursue its interests in enforcement of the Labor Code." *Thomas*, 2011 WL 2173715, at *17; *see also Lopez v. Ace Cash Express, Inc.*, 2012 WL 1655720, at *4-5 (C.D. Cal. May 4 2012) (adopting *Thomas*' analogy of PAGA to a minority shareholder's derivative suit).

Dress Barn further contends that even if Plaisted's PAGA claim does not automatically fail for want of Rule 23 certification, the PAGA claim should still be dismissed because the individualized determinations required under PAGA would make trying such a claim unmanageable.[5] Plaisted did not address this argument in

---

and because these claims are law enforcement actions there is no standing issue precluding McKenzie from pursuing this claim."); *Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC (FFMx), 2011 WL 379413, at *2 (C.D. Cal. Jan 31, 2011) (because the statute allows aggrieved employees to act as private attorneys general, "PAGA plaintiffs do not hold the rights and obligations of a class in their hands"); *Sample v. Big Lot Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, at *3 (N.D. Cal. Nov. 30, 2010) (no need to comply with Rule 23 because the purpose of PAGA is "to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees"); *Mendez v. Tween Brands, Inc.*, No. 2:10-cv-00072-MCE-DAD, 2010 WL 2650571, at * 3 (E.D. Cal. July 1, 2010) (finding that insistence on class certification "would be to ignore the intent of the legislature in passing the statute" and holding that a representative action under PAGA absent class certification is permissible because "the remedy sought in a PAGA suit consists of civil penalties, not individual or class damages"); *Ochoa-Hernandez v. CJADER Foods, Inc.*, No. C 08-2073 MHP, 2010 WL 1340777 (N.D. Cal. Apr. 2, 2010) (emphasizing the distinctions between class actions and PAGA claims); *Machado v. M.A.T. & Sons, Landscape, Inc.*, No. 2:09-cv-00459 JAM JFM, 2009 WL 2230788 (C.D. Cal. July 23, 2009).

[5] Mot. 10–12.

her Opposition, a failure Dress Barn characterizes as Plaisted's concession on this point.  But the Court finds Dress Barn's argument inconsistent PAGA's purpose and statutory scheme.

Dress Barn urges that "[c]ourts regularly decline to allow 'representative actions' to proceed where the claims require individualized factual determinations, and individualized calculations of damages that are more than nominal amounts."[6] Yet, all of the authorities Dress Barn cites in support of its position required individualized restitution calculations under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200–17210.  *See Kraus v. Trinity Mgmt Servs., Inc.*, 23 Cal. 4th 116, 138 (2000); *Bronco Wine Co. v. Frank A. Logosulo Farms*, 214 Cal. App. 3d 699, 721 (1989); *Barnett v. Wash. Mut. Bank*, No. C 03-00753, 2004 WL 2011462, at *4 (N.D. Cal. Sept. 9, 2004); *Marshall v. Std. Ins. Co.*, 214 F. Supp. 2d 1062, 1073 (C.D. Cal. 2000).  Unlike California's UCL, PAGA does not provide for equitable restitutionary or injunctive relief; instead, plaintiffs bringing representative PAGA actions can recover only statutory penalties in fixed amounts per violation.  *See* Cal. Lab. Code § 2699(f).  And unlike class or representative actions seeking damages or injunctive relief for injured employees, the purpose of PAGA "is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *Ochoa–Hernandez v. Cjaders Foods, Inc.*, No. 3:08–cv–2073–MHP, 2010 WL 1340777, at *1 (N.D.Cal. Apr. 2, 2010).  To hold that a PAGA action could not be maintained because the individual assessments regarding whether a violation had occurred would make the claim unmanageable at trial would obliterate this purpose, as every PAGA action in some way requires *some* individualized assessment regarding whether a Labor Code violation has occurred.  Further, the individualized assessment necessary in a PAGA action would come nowhere close to the individualized and fact-

---

[6] Mot. 10.

intensive restitution calculations necessary under the UCL, and is in fact an inherent aspect of a PAGA claim.

For these reasons, the Court **DENIES** Dress Barn's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

September 20, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**