MARGARET HART EDWARDS, Bar No. 65699
mhedwards@littler.com
ROBERT L. ZALETEL, Bar No. 96262
rzaletel@littler.com
LISA J. LIN, Bar No. 260582
llin@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

DIANE KIMBERLIN, Bar No. 71487
dkimberlin@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
THE DRESS BARN, INC.

FILED
CLERK, U.S. DISTRICT COURT
OCT 23 2012
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEXIS PLAISTED, an individual; on behalf of herself, and on behalf of all others similarly situated;,

Plaintiff,

v.

THE DRESS BARN, INC.; and DOES 1-100, inclusive,

Defendants.

Case No. CV 12-01679 ODW (SHx)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY**

This agreement is entered into by and between the undersigned attorneys on behalf of their respective clients, ALEXIS PLAISTED and on behalf of all others similarly situated ("Plaintiff") and THE DRESS BARN ("Defendant").

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS PRODUCED IN DISC.

Case No. CV 12-01679 ODW (SHx)

Plaintiff and Defendant (hereinafter "Parties") have or will request the production of certain documents for inspection and copying, and will take depositions in conjunction with discovery in this litigation, and

These documents and depositions could include sensitive, confidential and/or proprietary information and records including employee personnel records, employee earnings records, sales figures, training materials, employee contact information, and employer manuals and procedures and policy manuals (hereinafter "Confidential Material").

Prejudice or harm could come to employees and former employees of Defendant if their personal and contact information is disclosed to third parties, and their rights of privacy under the California and federal constitutions could be jeopardized. Defendant could suffer harm to its business and competitive advantage if its sales figures, schedules, staffing plans, policies, proprietary training materials, and other confidential business information were disclosed to its competitors. A protective order is necessary to protect the interests of Plaintiffs and Defendant against dissemination of confidential and proprietary information.

Copies of Confidential Material, including portions of depositions and deposition transcripts and exhibits, will be marked "Confidential" on the document, or on the record at the deposition.

Confidential documents and/or depositions, and deposition transcripts and exhibits, all copies thereof, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court and/or to: (a) the parties; (b) counsel for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts or consultants retained by one or more of the parties to this action or their counsel, to assist in preparation of this action for trial; (d) deponents and their counsel; (e) stenographic reporters and videographers who are involved in depositions, the trial

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE
CONF. DOCS. PRODUCED IN DISC.    2.    Case No. CV 12-01679 ODW (SHx)

or any hearings or proceedings before the Court in this action; and (f) witnesses at the trial of this action.

No person authorized hereunder to view copies of Confidential Material, or to make notes therefrom, may disclose any portion of the subject matter or contents of either to any person not authorized hereunder. Experts and consultants and witnesses shown Confidential Material must sign the attached acknowledgement agreeing to be bound by this Order.

The Confidential Material, copies of any portion of the Confidential Material itself, and all notes arising from examination of said Confidential Material, as well as discussions of the contents therein, shall be used only in connection with the instant case, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever, unless such Confidential Material is independently discovered in another proceeding. Within 180 days following the conclusion of this action, including appeals, if any, the parties and their counsel, upon written request of the other party, shall destroy or return all Confidential Materials and provide notice to the other parties' attorneys of record.

This Protective Order is without prejudice to reconsideration by the Court as discovery continues.

The Parties may request that Confidential Material be filed under seal. However, any such request shall be subject to approval by the Court, for "compelling reasons," upon noticed motion, pursuant to Local Rule 79-5, under the standards set forth in *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Any Party may move the Court for relief from, or modification of, this order at any time, and each Party reserves the right to contend in any such motion that documents produced by another Party and information contained therein are not confidential. This stipulation does not constitute an admission as to the admissibility of any Confidential Material at trial.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS. PRODUCED IN DISC.    3.    Case No. CV 12-01679 ODW (SHx)

In the event any third parties serve a subpoena or document request in other litigation to a party holding Confidential Material in this case, the party subject to the subpoena or document request will promptly notify the other party that produced the Confidential Material to allow that party to file objections or otherwise attempt to prevent disclosure of the Confidential Material to the third party, and will not produce the Confidential Material to the third party until legally required to do so.

The Parties agree to act in good faith in designating Confidential Material and agree not to use this Stipulation for any purpose other than as stated herein. The parties agree to make a good faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "Confidential" must be narrowly tailored to include only materials for which there is good cause.

DATED: October 22, 2012

/s/ Robert L. Zaletel
MARGARET HART EDWARDS
ROBERT L. ZALETEL
LITTLER MENDELSON, P.C.

Attorneys for Defendant
THE DRESS BARN, INC.

DATED: October 22, 2012

/s/ Andrew J. Sokolowski
ANDREW J. SOKOLOWSKI
THE LAW OFFICE OF ANDREW J. SOKOLOWSKI

Attorneys for Plaintiff
ALEXIS PLAISTED

Firmwide:109719477.1 050860.1037

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS. PRODUCED IN DISC.    4.    Case No. CV 12-01679 ODW (SHx)

In the event any third parties serve a subpoena or document request in other litigation to a party holding Confidential Material in this case, the party subject to the subpoena or document request will promptly notify the other party that produced the Confidential Material to allow that party to file objections or otherwise attempt to prevent disclosure of the Confidential Material to the third party, and will not produce the Confidential Material to the third party until legally required to do so.

The Parties agree to act in good faith in designating Confidential Material and agree not to use this Stipulation for any purpose other than as stated herein. The parties agree to make a good faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "Confidential" must be narrowly tailored to include only materials for which there is good cause.

DATED: October __, 2012

MARGARET HART EDWARDS
ROBERT L. ZALETEL
LITTLER MENDELSON, P.C.

Attorneys for Defendant
THE DRESS BARN, INC.

DATED: October 22, 2012

*Andrew J. Sokolowski* (signature)
ANDREW J. SOKOLOWSKI
THE LAW OFFICE OF ANDREW J. SOKOLOWSKI

Attorneys for Plaintiff
ALEXIS PLAISTED

Firmwide:109719477.1 050860.1037

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS. PRODUCED IN DISC.   4.   Case No. CV 12-01679 ODW (SHx)

**Alexis Plaisted v. The Dress Barn – Case No. CV-12-01679 ODW**

### ACKNOWLEDGMENT

I have read and agree to be bound by the Protective Order in this case.

Dated: _____                    _____

# ATTACHMENT A

1  **[PROPOSED] ORDER**
2  For good cause appearing, it is SO ORDERED.
3
4  Dated: 10/23/12                    _____
5                                      DISTRICT COURT JUDGE
                                        MAG
6
7
...
28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE
CONF. DOCS. PRODUCED IN DISC.          5.          Case No. CV 12-01679 ODW (SHx)