The Law Offices of Rhett T. Francisco
5350 Topanga Canyon Boulevard
Woodland Hills, CA  91364
Tel.: (818) 319-9879
Fax: (888) 390-4816

Rhett T. Francisco, Esq. SBN 232749
rhett@francisco-law-firm.com
rhett_francisco_law@yahoo.com

The Law Office of Andrew J. Sokolowski
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel.: (310) 210-5610
Fax: (866) 489-0330

Andrew J. Sokolowski, Esq. SBN 226685
soksesq@att.net

Attorneys for Plaintiff
ALEXIS PLAISTED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PLAISTED, an individual; on behalf of herself, and on behalf of all others similarly situated;<br><br>Plaintiff,<br>v.<br><br>THE DRESS BARN, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO: CV 12-01679  ODW (SHx)<br><br>**PLAINTIFF'S LOCAL RULE 5-4.6.2 NOTICE OF TECHNICAL FAILURES AND APPLICATION FOR LEAVE RE: THE FILING OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with the Declaration of Rhett T. Francisco]<br><br>Date: January 28, 2013<br>Time: 1:30 p.m.<br>Courtroom: 11<br><br>Pretrial Conference: April 8, 2013<br>Trial: April 30, 2013 |

i

PLAINTIFF'S L.R. 5-4.6.2  NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE
RE: THE FILING OF PLAINTIFF'S OPPO. TO  DEFENDANT'S MSJ

**TO THE COURT, ALL PARTIES & THEIR ATTORNEYS OF RECORD:**

Plaintiff ALEXIS PLAISTED ("PLAISTED" or "Plaintiff") hereby submits this Notice of Technical Failures and Application for Leave to File Plaintiff's Opposition to Defendant's Motion for Summary Judgment in compliance with Local Rule 5-4.6.2.

## I. FACTUAL BACKGROUND

### A. Completion of Plaintiff's Opposition to Defendant's Motion for Summary Judgment by 11:30 p.m. on January 7, 2013.

As of 11:30 p.m. on January 7, 2013, counsel for Plaintiff had completed the following documents pertaining to Plaintiff's Opposition to Defendant's Motion for Summary Judgment:

1) Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (Subsequently filed as ECF No. 59);

2) Plaintiff's Statement of Genuine Issues of Material Facts and Additional Facts in Opposition to Defendant's Motion for Summary Judgment (Subsequently filed as ECF No. 59-1);

3) Plaintiff's Evidentiary Objections to Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support Defendant's Motion for Summary Judgment (Subsequently filed as ECF No. 59-2);

4) Plaintiff's [Proposed] Statement of Decision Denying Defendant's Motion for Summary Judgment (Subsequently filed as ECF No. 59-3); and

5) Appendix of Evidence in Support of Plaintiff Alexis Plaisted's Opposition to Defendant's Motion for Summary Judgment (Subsequently filed as ECF Nos. 59-4, 59-5, and 59-6).

(Decl. of Rhett T. Francisco, ¶2).

1

PLAINTIFF'S L.R. 5-4.6.2 NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE RE: THE FILING OF PLAINTIFF'S OPPO. TO DEFENDANT'S MSJ

### B. Plaintiff's Counsel's Multiple Attempts to Timely Upload and File Plaintiff's Opposition to Defendant's Motion for Summary Judgment

At approximately 11:30 p.m. on January 7, 2013, counsel for Plaintiff logged on to the Central District's CM/ECF system and engaged in their **FIRST ATTEMPT** to upload and file the aforementioned documents to the docket via electronic means. (Decl. of Rhett T. Francisco, ¶3). After selecting the appropriate files from Plaintiff's counsel's local computer system, and clicking on the "next" button on the CM/ECF system, the system paused for several minutes while it processed the documents. (Decl. of Rhett T. Francisco, ¶4).  At approximately 11:40 p.m., the system rejected the documents that Plaintiff's counsel attempted to upload and file and the system informed Plaintiff's counsel that "ERROR: This document contains embedded links (annotations and/or hyperlinks).  This PDF document cannot be accepted." (Decl. of Rhett T. Francisco, ¶5 and Ex. A).

From approximately 11:40 p.m. to approximately 11:46 p.m., Plaintiff's counsel attempted to reformat and otherwise manipulate the aforementioned documents in order to enable the Central District's CM/ECF system to accept the documents for uploading and filing. (Decl. of Rhett T. Francisco, ¶6).

At approximately 11:47 p.m., counsel for Plaintiff engaged in their **SECOND ATTEMPT** attempt to upload and file the aforementioned documents to the docket via electronic means. (Decl. of Rhett T. Francisco, ¶7). After selecting the appropriate files from Plaintiff's counsel's local computer system, and clicking on the "next" button on the CM/ECF system, the system paused for a couple of minutes while it processed the documents. (Decl. of Rhett T. Francisco, ¶8).  At approximately 11:50 p.m., the system crashed and Plaintiff's counsel was informed that "[the ecf.cacd.uscourts.gov] webpage [was] not available." (Decl. of Rhett T. Francisco, ¶9 and Ex. B).

At approximately 11:53 p.m., counsel for Plaintiff engaged in their **THIRD ATTEMPT** to upload and file the aforementioned documents to the docket via electronic means. (Decl. of Rhett T. Francisco, ¶10). After selecting the appropriate files from Plaintiff's counsel's local computer system, and clicking on the "next" button on the CM/ECF system, the system paused for several minutes while it processed the documents. (Decl. of Rhett T. Francisco, ¶11). At approximately 12:02 a.m. on January 8th, the system rejected the documents that Plaintiff's counsel attempted to upload and file and the system informed Plaintiff's counsel of the following: "ERROR: This document cannot be loaded because it is over 9.5 MB." (Decl. of Rhett T. Francisco, ¶12 and Ex.C).

### C. Plaintiff's Counsel's Further (and Finally Successful) Attempts to Upload and File Plaintiff's Opposition to Defendant's Motion for Summary Judgment

From approximately 12:03 a.m. to approximately 12:30 a.m. on January 8, 2013, Plaintiff's counsel engaged in further efforts to reformat and otherwise manipulate the aforementioned documents in order to enable the Central District's CM/ECF system to accept the documents for uploading and filing. (Decl. of Rhett T. Francisco, ¶13). Plaintiff's counsel even called an Information Technology professional during that time in order to inquire about how to remedy the issue. (Decl. of Rhett T. Francisco, ¶13). Additionally, during that time, Plaintiff's counsel complied with Local Rule 5-4.6.2 by contacting the CM/ECF Help Desk by telephone, at the phone number set forth on the PACER website for the U.S. District Court for the Central District of California (www.pacer.gov/cmecf/ecf_hd_phone.html). (Decl. of Rhett T. Francisco, ¶14). One of the methods that Plaintiff's counsel used to try to remedy the issue included breaking up Plaintiff's Appendix of Evidence into additional, smaller files. (Decl. of Rhett T. Francisco, ¶15).

3

PLAINTIFF'S L.R. 5-4.6.2  NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE RE: THE FILING OF PLAINTIFF'S OPPO. TO  DEFENDANT'S MSJ

At approximately 12:30 a.m., counsel for Plaintiff engaged in their **FOURTH ATTEMPT** to upload and file the aforementioned documents to the docket via electronic means. (Decl. of Rhett T. Francisco, ¶16). After selecting the appropriate files from Plaintiff's counsel's local computer system, and clicking on the "next" button on the CM/ECF system, the system paused for several minutes while it processed the documents. (Decl. of Rhett T. Francisco, ¶17).  At approximately 12:35 a.m. on January 8th, the system rejected the documents that Plaintiff's counsel attempted to upload and file and the system informed Plaintiff's counsel of the following: "ERROR: This document cannot be loaded because it is over 9.5 MB." (Decl. of Rhett T. Francisco, ¶18 and Ex.D).

From approximately 12:35 a.m. to approximately 1:00 a.m. on January 8, 2013, Plaintiff's counsel engaged in even further efforts to reformat and otherwise manipulate the aforementioned documents in order to enable the Central District's CM/ECF system to accept the documents for uploading and filing. (Decl. of Rhett T. Francisco, ¶19).  Plaintiff's counsel once again called an Information Technology professional during that time in order to inquire about how to remedy the issue. (Decl. of Rhett T. Francisco, ¶20).  One of the methods that Plaintiff's counsel used to try to remedy the issue included "condensing" Plaintiff's Appendix of Evidence, which ultimately reduced the file size.  (Decl. of Rhett T. Francisco, ¶21).

At approximately 1:00 a.m. on January 8, 2013, counsel for Plaintiff engaged in their **FIFTH ATTEMPT** to upload and file the aforementioned documents to the docket via electronic means.[1] (Decl. of Rhett T. Francisco, ¶22).  After selecting the appropriate files from Plaintiff's counsel's local computer system, and clicking on the "next" button on the CM/ECF system, the system paused for several

---

[1] In making this FIFTH ATTEMPT to upload and file Plaintiff's Opposition to Defendant's MSJ, counsel for Plaintiff complied with the requirement of Local Rule 5-4.6.2 by attempting "to file the document[s] electronically at least two times, separated by at least one hour."

4

PLAINTIFF'S L.R. 5-4.6.2 NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE
RE: THE FILING OF PLAINTIFF'S OPPO. TO  DEFENDANT'S MSJ

minutes while it processed the documents. (Decl. of Rhett T. Francisco, ¶23). At 1:04 a.m. on January 8th, the system finally accepted the documents that Plaintiff's counsel attempted to upload and file, and the system provided Plaintiff's counsel with a Notice of Electronic Filing. (Decl. of Rhett T. Francisco, ¶24 and Ex.E).

After obtaining the Notice of Electronic Filing, counsel for Plaintiff prepared Mandatory Chambers Copies such that the copies would be delivered to chambers just as they would if the documents had been uploaded and filed by 11:59 p.m. on January 7th. (Decl. of Rhett T. Francisco, ¶25). Those Mandatory Chambers Copies were provided to a runner at 2:00 p.m. for delivery to the Court before 3:00 p.m. on January 8, 2013 (in compliance with the Honorable Judge Wright's Scheduling and Case Management Order, ¶4). (Decl. of Rhett T. Francisco, ¶25).

**D. There is No Prejudice to Defendant Because Plaintiff Provided Defendant With Copies of Plaintiff's Opposition Documents Via E-Mail Even Before the Documents Were Uploaded/Filed at 1:04 A.M. on January 8, 2013**

In light of the above-referenced technical issues that Plaintiff's counsel experienced, Plaintiff's counsel immediately contacted counsel for Defendant (1) to inform them of the issues, and (2) to provide them promptly with non-conformed copies of Plaintiff's Opposition documents. (Decl. of Rhett T. Francisco, ¶26 and Ex. F).

In fact, Plaintiff's counsel acted so quickly to provide Defendant's counsel with non-conformed copies of Plaintiff's Opposition documents, that Defendant's counsel received the non-conformed copies even before the documents were uploaded and filed to the CM/ECF system at 1:04 a.m. on January 8, 2013. (Decl. of Rhett T. Francisco, ¶¶ 26-27 and Exs. E and F).

///

5

PLAINTIFF'S L.R. 5-4.6.2 NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE
RE: THE FILING OF PLAINTIFF'S OPPO. TO DEFENDANT'S MSJ

## II. REQUEST FOR LEAVE TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR TO DEEM PLAINTIFF'S OPPOSITION AS TIMELY FILED

In light of the facts, as set forth above, including the very important fact that Defendant has not experienced any prejudice as a result of Plaintiff filing her Opposition to Defendant's Motion for Summary Judgment at 1:04 a.m. on January 8, 2013, Plaintiff respectfully requests that this Court (1) grant her leave to file the documents referenced in Section I.A, above, at 1:04 a.m. on January 8, 2013, and/or (2) deem the documents referenced in Section I.A, above, as timely filed.

**DATED**: January 8, 2013      **The Law Offices of Rhett T. Francisco**
　　　　　　　　　　　　　　　　/s/ Rhett T. Francisco
　　　　　　　　　　　　　　　　Rhett T. Francisco
　　　　　　　　　　　　　　　　Attorney for Plaintiff

## ORDER

Having read and considered Plaintiff's Local Rule 5-4.6.2 Notice of Technical Failures and Application for Leave to File Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and finding good cause therefor,

**IT IS HEREBY ORDERED** that the following documents are deemed to have been timely filed:

1) Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (ECF No. 59);

2) Plaintiff's Statement of Genuine Issues of Material Facts and Additional Facts in Opposition to Defendant's Motion for Summary Judgment (ECF No. 59-1);

6

PLAINTIFF'S L.R. 5-4.6.2 NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE RE: THE FILING OF PLAINTIFF'S OPPO. TO DEFENDANT'S MSJ

3) Plaintiff's Evidentiary Objections to Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support Defendant's Motion for Summary Judgment (ECF No. 59-2);

4) Plaintiff's [Proposed] Statement of Decision Denying Defendant's Motion for Summary Judgment (ECF No. 59-3); and

5) Appendix of Evidence in Support of Plaintiff Alexis Plaisted's Opposition to Defendant's Motion for Summary Judgment (ECF Nos. 59-4, 59-5, and 59-6).

**DATED**: _____

/s/ _____
Honorable Otis D. Wright II
United States District Judge

7

PLAINTIFF'S L.R. 5-4.6.2  NOTICE OF TECH. FAILURES AND APPLICATION FOR LEAVE RE: THE FILING OF PLAINTIFF'S OPPO. TO  DEFENDANT'S MSJ