O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PLAISTED,<br><br>            Plaintiff,<br>     v.<br>THE DRESS BARN, INC., and DOES 1–100, inclusive,<br><br>            Defendants.<br><br>PATRICIA TAYLOR; LINDA REAVIS; and PAUL LAFAVE,<br><br>            Plaintiffs,<br>     v.<br>THE DRESS BARN, INC., and DOES 1–100, inclusive,<br><br>            Defendants. | Case No. 2:12-CV-01679-ODW (SHx)<br><br>**ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT [89]** |

The Court has reviewed the parties' joint motion for preliminary approval of a class-action settlement and related Private Attorneys General Act (PAGA) settlement. (ECF No. 22.) This joint motion fails to provide the Court with adequate information by which to determine the fairness, adequacy, and reasonableness of the settlement.

As a result, the Court **DENIES** the parties' motion for preliminary approval without prejudice.

Federal courts have interpreted Federal Rule of Civil Procedure 23(e) "to require the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Prior to class certification, courts are obligated to apply a higher standard of fairness to protect against inherent pre-certification dangers. *Id.*; *Hanlon*, 150 F.3d at 1026 ("The dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e).").

The Court has several concerns with the parties' proposed class settlement. Perhaps most troubling is Plaintiffs' anticipated attorneys' fees request. As part of the settlement, Dress Barn will not oppose Plaintiffs' counsel's request for attorneys' fees up to 33.33% of the $300,000 *Taylor* settlement and 50% of the $100,000 *Plaisted* settlement. (Mot. 8, 9.) The Court finds two problems with this aspect of the settlement.

First, Plaintiffs' attorneys' fees request appears excessive. The individual circumstances of each case determine what percentage of a common fund would provide reasonable compensation to the attorneys. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). But common-fund fee awards ordinarily should "range from 20[%] to 30[%] of the fund created," with 25% serving as an appropriate "bench mark" percentage. *Id.* The bench-mark percentage may "then be adjusted upward or downward to account for any unusual circumstances involved" in the particular case. *Id.* Plaintiffs' requests *significantly* exceed the 25% bench mark, but Plaintiffs fail to explain or even allude to why such an upward deviation is necessary.

Of course, Plaintiffs' fees request is more properly subject to a separate attorneys'-fees motion where Plaintiffs can more fully detail why they believe their fees are warranted. But this leads to the Court's second concern. Review of the parties' proposed class-settlement notice to putative class members reveals that should the Court grant a fees award less than the requested amounts, the savings will not inure to the benefit of putative class members; instead, "[i]f lesser amounts are awarded by the Court, Dress Barn will retain the savings. (Sokolowski Decl. Ex. 2, at Ex. A, at 7.) The Court views the parties' omission of this important fact in their joint motion for preliminary approval less than forthright and as cause for concern. Further, the combination of Plaintiffs' large request and the fact that any savings to go Defendant instead of the class suggests collusion.

The Court is troubled by other aspects of the settlement, as well. For one, there is absolutely no indication how the $400,000 aggregate settlement will adequately compensate class members for their harm. While the joint motion estimates that the proposed class contains "approximately 300 class members" (Mot. 14), it fails to identify the harm to these members (e.g., approximately how much each class member was allegedly underpaid). Without some concept of the extent of monetary harm these class members are alleged to have suffered, the Court cannot adequately judge the fairness of the proposed settlement.

Any renewed request for preliminary approval must therefore include estimated damages figures for at least each of the named Plaintiffs. Based on these estimates, the parties should attempt to estimate a general range of damages sustained by each class member during the class period. For comparison purposes, the Court asks that the parties also estimate how much each claiming class member will receive under the settlement assuming various claim rates. For example, how much will each class member receive if 100% of class members submit claims? What if only 50% submit claims?

/ / /

1 The Court is also troubled by the *Plaisted* settlement generally. This Court has already granted a motion for summary judgment against Plaisted. Yet the $100,000 *Plaisted* settlement anticipates that only $5,000[1] be paid to settle her representative PAGA claims, while Plaisted herself pockets $15,000 in incentive fees ($10,000 more than each named Plaintiff in *Taylor*) and her attorney's haul away with $80,000 in fees and costs. These proportions seem askew.

In light of the Court's concerns, the Court cannot grant preliminary approval at this time. The parties' joint motion is therefore **DENIED** without prejudice. The parties may renew their request no later than **May 6, 2013**. If the Court does not receive an amended joint motion for preliminary approval by May 6, it will reset the trial and pretrial dates in this matter and proceed with the litigation.

**IT IS SO ORDERED.**

April 8, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] Under California Labor Code section 2699(i), 75% of this sum will be paid to the State of California, while the remaining 25% will be paid to aggrieved employees.